THE STATE OF ILLINOIS, plaintiff in error, *v.* ROBERT WILSON, defendant in error.

*Error to Vermilion.*

Counsel have a right to require of the Court to give an instruction as asked, when the same is in conformity with the law; and if, in the opinion of the Court, the jury may not fully comprehend, or may be misled by such instructions, unless explained, it is then the province of the Court to give such additional instructions or explanations as may obviate the danger of misapprehension on the part of the jury. But where such course has not been pursued, and the instruction given has but slightly varied from the one asked, and in its legal import is substantially the same, the judgment of the Court below will not, for that reason alone, be disturbed.

ON the application of M. K. Alexander, a Commissioner of the Board of Public Works, for the 4th Judicial Circuit, Joseph Patterson, a justice of the peace of Vermilion county, summoned three householders to assess the damages which Robert Wilson would sustain by reason of the Northern Cross Rail Road passing over his land, who assessed the damages at one cent. Wilson appealed to the Circuit Court, and at the June term, 1839, the Hon. Justin Harlan presiding, the cause was submitted to a jury, and a verdict rendered for Wilson for $150. The cause was brought to this Court by writ of error.

U. F. LINDER, for the plaintiff in error.

O. B. FICKLIN, for the defendant in error.

Wilson, Chief Justice, delivered the opinion of the Court:

This was a proceeding had under the act of 1833, (1) " *Concerning the Right of Way,*" &c.  The land of Wilson had been taken by the agent of the State, to make a rail road over it; and upon a trial in the Circuit Court, to ascertain the damages which Wilson, the claimant, was entitled to recover, the counsel for the State moved the Court to instruct the jury, " That they, in assessing the claimant's damages, were to take into consideration the additional value said land would derive from the location and construction of said road ; and if it exceeded the damages done by said road's passing through said land, then the jury should find in favor of the State, and allow to said Wilson nothing."  This instruction the Court refused to give, but gave the following instruction : " The rise of the property, consequent upon the adoption of the system of Internal Improvements, and the survey and location of the road, is not to be taken into the consideration of the jury, but they are only to take into consideration the damages the land will sustain, over and above the additional value by the construction of the road."  The instruction asked for was in exact conformity with the law, and ought to have been given as asked.  Counsel have a right to require of the Court to give an instruction as asked, when the same is in conformity with the law ; and if, in the opinion of the Court, the jury may not fully comprehend, or may be misled by such instruction, unless explained, it is then the province of the Court to give such additional instructions or explanations, as may obviate the danger of misapprehension on the part of the jury.  This practice has not been strictly pursued in this case, but the departure from it, as we are inclined to think, has been too slight to justify a reversal of the cause ; particularly as no injustice appears to have been done.  The instruction which the Court gave was correct, and although not in the language asked for, it was substantially, and in its legal import, the same.  That portion of the instruction of the Court which excludes from the consideration of the jury, in estimating the damages of the claimant, the enhanced value of his land in consequence of the adoption of the Internal Improvement system, was not asked for, nor is its application perceived as the case is presented in the record.  The instruction, however, is correct; and the presumption is, that it was rendered proper by the reverse of the proposition having been assumed and urged by counsel ; and under no circumstances of the case could it work injustice.

The judgment of the Court below is affirmed.

*Judgment affirmed.*

*Note.*   See State *v*. Evans, *Ante* 208 ; Mason *v*. Finch, and note, *Ante* 225.

(1) R. L. 535 ; Gale's Stat. 584.